UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORENA DOMINGUEZ, Plaintiff -against- UNITED STATES OF AMERICA, Defendant. | **MEMORANDUM & ORDER** 23-cv-7908 (DLI)(PK) |

**DORA L. IRIZARRY, United States District Judge:**

This is a personal injury action before the Court pursuant to its federal question jurisdiction resulting from a motor vehicle accident that took place in April of 2021 (the "Accident"). Lorena Dominguez ("Plaintiff") commenced this action against the United States of America ("Defendant"), alleging negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671. *See generally*, Complaint, Dkt. Entry No. 1.

Before the Court are the parties' cross-motions *in limine*. Plaintiff moves to preclude the expert testimony of Defendant's medical experts, Jonathan Garay, M.D. ("Dr. Garay") and Neil Roth, M.D. ("Dr. Roth"). *See*, Pl.'s Mot. Lim. Br. ("Pl.'s Mot."), Dkt. Entry No. 46-1. Defendant opposed. *See*, Def.'s Opp'n, Dkt. Entry No. 46-12. Plaintiff replied. *See*, Pl.'s Reply, Dkt. Entry No. 46-13. Defendant moves to preclude Plaintiff from introducing at trial certain medical records from Bedford Medical Services/Tremont Medical Services (the "Bedford/Tremont Medical Records"). *See*, Def.'s Mot. Lim. Br. ("Def.'s Mot."), Dkt. Entry No. 44-1. Plaintiff opposed. *See*, Pl.'s Opp'n, Dkt. Entry No. 45. Defendant did not reply. *See*, Docket.

For the reasons set forth below, Plaintiff's motion is denied, and Defendant's motion is denied without prejudice to renew at trial.

**LEGAL STANDARD**

The admissibility of expert testimony is a preliminary question of law for the court to determine and is governed primarily by the Federal Rules of Evidence. *See*, Fed. R. Evid. ("FRE") 104(a); *See also*, *U.S. v. Walker*, 2023 WL 3451419 (2d Cir. May 15, 2023). Rule 702 provides that an expert witness may testify at trial if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FRE 702. The district court is the "ultimate gatekeeper" and must ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *U.S. v. Jones*, 965 F.3d 149, 161 (2d Cir. 2020); *Dover v. British Airways, PLC (UK)*, 254 F. Supp.3d 455, 458 (E.D.N.Y. 2017).

Courts conduct a three-part test when evaluating the admissibility of expert testimony that asks whether: (1) the witness is qualified to be an expert; (2) the expert's opinion is based on reliable data and methodology; and (3) the expert's testimony will assist the trier of fact. *See*, *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005). As to reliability, the Supreme Court set out a nonexhaustive list of factors to consider, including: (1) whether the technique has been or can be tested; (2) whether the technique has been subjected to peer review; (3) the known or potential rate of error and whether standards exist to control the technique's operation; and (4) whether the technique is "generally accept[ed] in the relevant scientific community." *See*, *U.S. v. Morgan*, 675 Fed. App'x 53, 55 (2d Cir. 2017) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993)). However, the inquiry under Rule 702 is

necessarily a "flexible one," and not every factor applies to all experts or cases. *See*, *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137, 139 (1999).

District courts generally assume that expert evidence is reliable. *See*, *UMG Recordings, Inc. v. Lindor*, 531 F. Supp.2d 453, 456 (E.D.N.Y. 2007). As such, exclusion of expert testimony is "the exception rather than the rule." *See*, FRE 702, Advisory Comm. Notes; *See also*, *Simpson v. New Prime, Inc.*, 2022 WL 17961213, at *1 (E.D.N.Y. Dec. 27, 2022) (citing FRE 702, Advisory Comm. Notes). This is particularly true in a bench trial, where "there is little risk that the factfinder will be 'bamboozled' by technical evidence of questionable merit." *U.S. v. Am. Exp. Co.*, 2014 WL 2879811, at *2 (E.D.N.Y. June 24, 2014); *Royal & Sun Alliance Ins. PLC v. UPS Supply Chain Solutions, Inc.*, 2011 WL 3874878, at *2 (S.D.N.Y. Aug. 31, 2011) ("When the fact-finder is the court, expert evidence should be quite freely admitted so that the judge may 'have the benefit of live testimony and cross-examination to determine how much weight, if any, to give to the expert's conclusions.'").

District courts enjoy "broad latitude" in determining whether expert testimony is reliable and only "serious flaws in reasoning or methodology will warrant exclusion." *See*, *B&R Supermarket, Inc. v. Visa Inc.*, 2024 WL 4252031, at *3 (E.D.N.Y. Sept. 20, 2024). However, "[i]f an expert's testimony lies within 'the range where experts might reasonably differ,' the [factfinder] . . . should 'decide among the conflicting views of different experts.'" *In re Fosamax Products Liability Litig.*, 645 F. Supp.2d 164, 173 (S.D.N.Y. 2009). The analysis does not require a court to scrutinize the actual conclusions drawn by a party's expert witness. *See*, *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002).

## DISCUSSION

### I. Plaintiff's Motion *In Limine*

Plaintiff seeks to preclude the expert testimony of Defendant's medical experts, Dr. Garay and Dr. Roth, on the basis that their testimony does not utilize reliable principles or methodologies, is unduly prejudicial, and relies on materials that were not disclosed in their expert reports. *See*, Pl.'s Mot. at 15. Notably, Plaintiff does not appear to contest the qualifications of Defendant's experts. However, Plaintiff suggests in passing that Drs. Garay and Roth may be biased given the number of times they have been retained as defense experts by Defendant. *See*, Pl.'s Mot. at 3-4. In the absence of any real evidence that a proposed expert is "naked[ly] partisan," some hypothetical level of bias is not a sufficient reason to preclude expert testimony. *See*, *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litig.*, 2008 WL 1971538, at *13 (S.D.N.Y. May 7, 2008).

Courts are afforded "considerable leeway" when determining the reliability of expert testimony, but still must examine rigorously the "facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *See*, *Kumho Tire*, 526 U.S. at 152; *Amorgianos*, 303 F.3d at 267. Courts should not admit expert testimony that is connected to existing data by only the *ipse dixit* of the expert. *See*, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). District courts also enjoy significant discretion in determining the admissibility of evidence under the Federal Rules. *See*, *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008).

#### A. Relevance of Expert Testimony

The Court first must determine whether Dr. Garay's and Dr. Roth's proposed expert testimony is relevant. Defendant intends to offer Dr. Garay as a physical medicine and

rehabilitation expert. *See*, Def.'s Opp'n at 4. Dr. Garay is a medical doctor board certified in physical medicine and rehabilitation and was retained to conduct an independent medical examination of Plaintiff. *Id.* Dr. Garay prepared for Defendant a report based on his independent medical examination of Plaintiff, as well as his review of Plaintiff's medical records. *Id.* at 4-5; Garay Report, Dkt. Entry No. 46-6 at 1. In his report, Dr. Garay opines regarding the extent of Plaintiff's injury, the medical necessity of the care she received, and the credibility of her medical complaints. *See*, Garay Report at 29-34.

Defendant also intends to offer Dr. Roth as an orthopedic expert. *See*, Def.'s Opp'n at 5. Dr. Roth is a licensed orthopedic surgeon and was retained to conduct an independent medical examination of Plaintiff. *Id.* Dr. Roth prepared for Defendant a report based on his independent medical examination of Plaintiff, as well as his review of Plaintiff's medical records. *Id.* at 6; Roth Report, Dkt. Entry No. 46-9 at 1, 13-14. In his report, Dr. Roth also opines regarding the extent of Plaintiff's injury and the medical necessity of the care she received and potential future care. *See*, Roth Report at 14-19.

While it is not entirely clear from Plaintiff's brief, which is riddled with typos and contains pages of irrelevant cases and excerpts of deposition testimony, Plaintiff appears to suggest that Dr. Garay's and Dr. Roth's expert testimony is irrelevant because "[e]ven if the defendant could prove medical malpractice as against any of the Plaintiff's multiple treating doctors, [Defendant] would still be responsible for the pain and suffering associated with the surgeries." *See*, Pl.'s Mot. at 5-6. Plaintiff's argument is without merit. Dr. Garay's and Dr. Roth's purported expert testimony clearly is relevant as to, among other things, the extent of Plaintiff's injuries, whether the surgeries Plaintiff received were medically necessary, and to rebut the expert testimony of

Plaintiff's proposed expert witnesses. Accordingly, the Court finds Dr. Garay's and Dr. Roth's expert testimony is relevant.

**B. Expert Methodology**

Next, the Court turns to the reliability of Dr. Garay's and Dr. Roth's methodology. Plaintiff argues that Dr. Garay and Dr. Roth employed "plainly insufficient methodology . . . in coming to their highly specious conclusions." Pl.'s Reply at 2. Specifically, Plaintiff contends that: (1) Dr. Garay's conclusions as to causation and the severity of Plaintiff's injuries are "directly inapposite" to Dr. Roth's conclusions; (2) Dr. Garay's and Dr. Roth's conclusions are not supported by Plaintiff's medical records; and (3) neither Dr. Garay nor Dr. Roth "provided any admissible evidence proving that the injuries are not causally related to the accident" or "directly allege[d] medical malpractice on the part of Plaintiff's treating doctors." Pl.'s Mot. at 4-14. The Court finds that Dr. Garay and Dr. Roth's testimony is not unduly speculative and is based on reliable methodology.

First, that Dr. Garay's and Dr. Roth's testimony may be contradictory in some manner has no bearing on the admissibility of their testimony. Indeed, "[t]he fact that [a] defendants' experts would draw contrary inferences from the same data does not render either expert's testimony inadmissible, nor does it speak to the reliability of the methodology." *U.S. Info. Systems., Inc. v. Int'l Broth. Of Elec. Workers Local Union No. 3, AFL-CIO*, 313 F. Supp.2d 213, 229 (S.D.N.Y. 2004). "When a trial court . . . rules that an expert's testimony is reliable, this does not necessarily mean that contradictory expert testimony is unreliable." *Id.* (quoting *In re Blech Securities Litig.*, 2003 WL 1610075, at *20 (S.D.N.Y. Mar. 26, 2003) (quoting Fed. R. Evid. 702, Advisory Committee Notes to 2000 Amendments)). Plaintiff fails even to attempt to explain how Dr. Garay's and Dr. Roth's expert conclusions are contradictory, and, to the extent there is any

disagreement between the two experts' conclusions, the testimony of either expert would not be rendered inadmissible as a result.

Second, Plaintiff's general contention that Dr. Garay's and Dr. Roth's conclusions are not supported by the medical records (*i.e.*, that Plaintiff disagrees with their conclusions), is insufficient to preclude their expert testimony. "The relevant inquiry under *Daubert* is whether the conclusions were generated by a reliable methodology, not whether the Court or the opposing party agrees with their substance." *Labacz et al. v. Rohr et al.*, 2026 WL 880128, at *3 (E.D.N.Y. Mar. 31, 2026) (internal quotation marks omitted). Here, Dr. Garay and Dr. Roth applied their training, background, and experience to interpret Plaintiff's medical records, examine and make clinical observations of Plaintiff, and develop conclusions about the cause and severity of Plaintiff's injury. "Courts routinely admit expert testimony from medical doctors based on their examination of a patient's condition, regardless of whether the expert was the patient's treating physician." *Id.* (citing *Figueroa v. Bos. Sci. Corp.*, 254 F. Supp.2d 361, 365-66 (S.D.N.Y. 2003)). To the extent Plaintiff believes that either expert failed to perform a particular test during their examination of Plaintiff, this would go to the weight of the evidence, not its admissibility. *See*, *Dover*, 254 F. Supp.3d at 461 ("Any arguable weakness in this methodology, or the possibility that relevant factors were omitted, goes to weight, not admissibility."). Ultimately, Plaintiff's disagreement with Dr. Garay's and Dr. Roth's expert conclusions is neither surprising nor grounds to preclude their expert testimony.

Finally, Dr. Garay's and Dr. Roth's apparent "failure" to "provide[] admissible evidence" or "directly allege[] medical malpractice on the part of Plaintiff's treating doctors" does not warrant preclusion of their expert testimony. Dr. Garay's and Dr. Roth's expert testimony itself is the evidence. They are not required to provide additional evidence in order for their expert

testimony to be admissible, and Plaintiff fails to cite a single case to support such a proposition. Neither does their "failure" to allege medical malpractice by Plaintiff's treating doctors warrant preclusion because, as a general rule, "an expert's testimony on issues of law is inadmissible." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). Accordingly, in the absence of any indicia that the methods utilized by Dr. Garay or Dr. Roth were unreliable, Plaintiff can raise her concerns on cross-examination.

**C. Prejudice**

Plaintiff contends that Dr. Garay's and Dr. Roth's expert testimony also should be precluded because it is unduly prejudicial. *See*, Pl.'s Mot. at 2 ("Plaintiff . . . respectfully moves the Court *in limine* for an order precluding Defendants . . . from eliciting testimony from experts that in [*sic*] abhorrent and unduly prejudicial."). Plaintiff's argument that the proposed expert testimony may "confuse a potential trier of fact into believing that the surgeries were unnecessary" is without merit. As Plaintiff's claims arise under the FTCA, the Court is the factfinder, not a jury, and there is no risk of prejudice from expert testimony in a bench trial. *See*, 28 U.S.C. § 2402 ("[A]ny action against the United States under [the FTCA] shall be tried by the Court without a jury."); *Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*, 920 F. Supp.2d 475, 502 (S.D.N.Y. 2013) ("This is especially true in the context of a bench trial, where there is no possibility of prejudice, and no need to protect the factfinder from being overawed by expert analysis.") (internal quotation marks omitted)). Accordingly, there is no risk of prejudice from Dr. Garay's and Dr. Roth's proposed expert testimony.

**D. Diagnostic Images and Photographs**

Finally, Plaintiff seeks to preclude Dr. Garay and Dr. Roth from testifying regarding specific images and/or diagnostic studies that Plaintiff contends were not included in their expert

reports. *See*, Pl.'s Mot. at 6. Rule 26(a)(2)(B) requires that an expert's report contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). If an expert fails to make the required disclosures under Rule 26, the expert may be precluded from using that information at trial unless the failure to disclose was "substantially justified" or "harmless." *See*, Fed R. Civ. P. 37(c)(1); *See also*, *Koppell v. N.Y. State Bd. of Elections*, 97 F. Supp.2d 477, 482 (S.D.N.Y. 2000). However, "[s]anctions pursuant to Rule 37 are awarded at the discretion of the district court, and preclusion is generally not ordered," particularly where the sanction sought is preclusion of all of an expert's testimony. *See*, *Harkabi v. SanDisk Corp.*, 2012 WL 826892, at *7 (S.D.N.Y. Mar. 12, 2012).

Plaintiff's argument fails because Dr. Garay and Dr. Roth do not purport to testify regarding any documents that they did not review. Whether some documents or photographs exist that were not reviewed by Dr. Garay or Dr. Roth goes, at best, to the weight of their testimony, not the admissibility. *See*, *Sokolovic v. CVS Health*, 2023 WL 2742148, at *10 (E.D.N.Y. Mar. 31, 2023). Further, neither expert relies on any documents that they failed to disclose. Indeed, Defendant represents that all records reviewed and relied on by Drs. Garay and Roth were disclosed timely to Plaintiff's counsel. *See*, Decl. of Jude Glashow, Dkt. Entry No. 46-12 at 15-17.

For the reasons set forth above, Plaintiff's motion to preclude the expert testimony of Dr. Garay and Dr. Roth is denied.

## II. <u>**Defendant's Motion *In Limine***</u>

Defendant seeks to preclude Plaintiff from introducing at trial nine pages of medical records from the Bedford/Tremont Medical Records because Plaintiff cannot authenticate the

records and, thus, are inadmissible hearsay. *See*, Def.'s Mot. Plaintiff contends that the records are admissible hearsay under Rule 803(4) as statements made for the purpose of medical diagnosis or treatment, or as business records pursuant to Rule 803(6). *See*, Pl.'s Opp'n at 2.

While medical records are hearsay, they still may be admissible at trial under two exceptions to the general exclusion against hearsay: Rule 803(4) and/or Rule 803(6). *Scoma v. City of New York*, 2021 WL 1784385, at *14 (E.D.N.Y. May 4, 2021). Rule 803(4) provides an exception for out of court statements that are made for, or are reasonably pertinent to, medical diagnosis or treatment and describes medical history, past or present symptoms, their inception, or their general cause. Fed. R. Evid. 803(4). Rule 803(6) provides an exception for records kept in the ordinary course of business. Fed. R. Evid. 803(6). "To admit medical records under Rules 803(4) or 803(6), however, the introducing party must lay a foundation to introduce hearsay evidence." *Scoma*, 2021 WL 1784385, at *14 (internal quotation marks omitted). Moreover, Rule 803(6) "explicitly requires that this foundation be laid by a custodian or qualified witness, if testimonial, or by a formal certification by the record's custodian." *Id.*

Defendant specifically contends that the Bedford/Tremont Medical Records cannot be authenticated because: (1) the "certification" of the Bedford/Tremont Medical Records by Kyungsook Bu ("Bu") fails to comply with the requirements of Fed. R. Evid. 902(11); (2) the Bedford/Tremont records should not be given a presumption of reliability given pending lawsuits in this district against Bedford, Tremont, and their "owner," Kristappa Sangavaram M.D. ("Sangavaram"); and (3) Plaintiff "has not identified a witness to establish the *bona fides* of the records." *See*, Def.'s Mot. at 7-8.

Defendant may be correct that Bu's certification is not sufficient to establish foundation pursuant to Rules 803(6) and 902(11) given that it fails to state whether he was (1) employed by

Bedford at the time of the relevant medical visits by Plaintiff; or (2) familiar with Bedford's record keeping practices. *See*, *In re Lyman Good Dietary Supplements Litig.*, 2020 WL 3414927, at *5 (S.D.N.Y. June 22, 2020) (finding an affidavit insufficient to certify records under Rule 803(6) where the affiant failed to indicate whether he was employed at the relevant time or had knowledge of the organization's record keeping procedures). However, the Bedford/Tremont Medical Records still may be admissible under Rule 803(4). The more stringent foundation requirements of Rule 902(11) do not apply to the medical records exception under Rule 803(4). *See*, *Scoma*, 2021 WL 1784385, at *14 ("[U]nlike Rule 803(4), however, Rule 803(6) explicitly requires that this foundation be laid by a custodian or qualified witness, if testimonial, or by a formal certification by the record's custodian.") (internal quotation marks omitted). Thus, Plaintiff may call Bu or another witness to establish the foundation of these documents at trial, and Defendant may object at that time on the ground that the records lack proper foundation. Accordingly, Defendant's motion to preclude the Bedford/Tremont Medical Records is denied without prejudice to renew at trial. *Id.*

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to preclude the expert testimony of Dr. Garay and Dr. Roth is denied, and Defendant's motion to preclude Plaintiff from introducing the Bedford/Tremont Medical Records is denied without prejudice to renew at trial.

SO ORDERED.
Dated: Brooklyn, New York
October 8, 2026

/s/
DORA L. IRIZARRY
United States District Judge